The sentence in this case was 25 years to life on two counts of possession of a firearm by a convicted felon, each term to run concurrent. In this case, the writ of habeas corpus should be issued for two reasons. The first reason is that the trial judge demonstrated a lack of impartiality in the conduct of the trial, and, therefore, a reversal was required pursuant to Offit, OFS, UTT v. United States, cited in the brief, 348 U.S. 11, page 13, 1954. The trial judge did that in three ways. The first was to disparage defense counsel in That was based on a mistake of fact, a misunderstanding of the previous testimony. The second way was acting as a preliminary finder of fact and making a finding that Defendant Villescaz's testimony and his defense evidence was incredible. Again, that was based on a mistake of fact and a confusion as to the previous testimony. And the third way was excluding defense evidence of police misconduct consisting of planting guns and one of the police officers having a personal vendetta against Mr. Villescaz and having threatened him prior to the arrest. The second reason that the writ should be issued is that Mr. Villescaz received ineffective assistance of counsel in that his statement regarding the presence of a gun in his motel room should have been suppressed pursuant to Miranda, and it wasn't, and the reason it wasn't was because trial counsel never objected and never made a motion to suppress. At the time of the questioning, Mr. Villescaz was handcuffed, and he was clearly deprived of his freedom. At the time of the questioning, the questioning constituted investigatory interrogation, because Deputy Hogan What about the public safety exception? Wouldn't that justify The public safety exception doesn't apply here. First of all, this wasn't a public place. It was a motel room. The public was Well, wait a minute. I mean, there's safety of the officers. If there's a concern of guns being around, no, still applies. No one was in danger because it was a private motel room. The public was not in danger. As far as the police officers, all four occupants, I would quarrel with the notion that a motel having an armed person in a motel room is not a danger to the public. You don't have to stay in the motel room. But anyway, moving on. There were four people in the motel room, aside from the police. All four of those people were, at this point in time, at the time the questions were asked, had already been taken into temporary custody, handcuffed, controlled by the police. There was all the non-police officers in that motel room were under the control of the police. They couldn't do anything. They were handcuffed. There was no danger. So this dialogue came after he was handcuffed, isn't it? It came after he was handcuffed. He was out of the bed or he was on the bed. And furthermore, it was clearly investigatory interrogation because Deputy Holston admitted, and it's in the record, at ER 48, he admitted that before he asked the question, he knew that Mr. Velazquez had a prior felony conviction because he was familiar with him before this incident. He knew he had a felony prior conviction when he questioned him about the presence of a gun. Therefore, when he asked his question, he knew that the question was likely to elicit an incriminating response, a violation of Penal Code Section 1202.181, which makes it a felony for a convicted felon to possess a firearm, a handgun. At the time he asked the question, he knew that Mr. Velazquez was a convicted and he asked him about a gun. This was investigatory interrogation. And it would have been the easiest thing in the world for him to advise a member of his Miranda rights. He didn't. It was a clear-cut violation, and it was clear-cut ineffective assistance for trial counsel not to object. If there are no questions, I reserve the rest of my time for rebuttal. Thank you. Good morning, Your Honors. Eileen Gaines for the government. In this case, the only evidence that the trial court excluded was an argument or a conversation that appellant had with Sergeant Lloyd at the Pico Rivera Station. Any other signs or conversations they had or evidence that Sergeant Lloyd disliked appellant was already presented to the court. And as the trial court suggested or ruled, there was no connection between Sergeant Lloyd's dislike of appellant and that separate deputy who found the gun in the motel room. And there was even less evidence of connection between Sergeant Lloyd and the Downey police officer that found the gun in appellant's car. And so I believe that the district court properly dismissed this petition, unless there's any questions. What about the public safety argument that there was no need for unmerandized questioning when the detective started asking about any guns because the suspect was a handcuff? What was the danger? As I understand from the record, what happened there was that Deputy Holston entered the room with Deputy Shearer and simultaneously with putting them into cuffs, asked him is there a gun in the room or any more weapons in the room. So I can't see that as they're already detained, cuffed, separated from room, and then asking an investigatory question. Having been there was a machine gun in the room, a shotgun in the living room, a handgun. The officers, certainly for their safety and even for the safety of the other occupants of the hotel room, as counsel said, there was four civilians in that room. In addition to the officers. So I don't see it as something where they were arrested and then questioned. I believe that the public safety exception applies. Thank you. Thank you. If I may, that's inaccurate on the part of counsel when she said that the only evidence that was excluded was the prior meeting. That's simply not true. What was excluded and what was real pivotal is that Mr. Valesquez was not permitted to tell the jury that the gun that he was charged with did not appear in the motel room until after Sergeant Lloyd showed up. And Sergeant Lloyd is the one that he claimed had a personal vendetta against him. He wanted to show the jury that this gun was planted. He was prevented from telling the jury that the gun did not appear until after Sergeant Lloyd appeared. That was critical. Nothing else. Thank you. Thank you very much. Thank you. Thank you, ma'am. They just argued it's submitted. We'll hear the next case on the calendar, which is United States v. Gamino.
judges: Schroeder, Goodwin, Fisher